IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-72,861-01 & -02






EX PARTE CHARLES TERRELL MCCLURE, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 22196 & 22195 IN THE 6TH DISTRICT COURT


FROM LAMAR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession
with intent to deliver a controlled substance and delivery of a controlled substance. He was sentenced
to imprisonment for twelve and twenty years, respectively. The Sixth Court of Appeals affirmed his
convictions. McClure v. State, Nos. 06-08-00024-CR & 06-08-00025-CR (Tex. App.-Texarkana 
2008, no pet.).

 Applicant contends, among other things, that his trial counsel rendered ineffective assistance
because he failed to investigate the reliability and credibility of the confidential informant and to
advise the trial court that the State had agreed to recommend probation. Applicant has alleged facts
that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte
Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are
needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial
court is the appropriate forum for findings of fact. The trial court shall provide Applicant's trial
counsel, Heath Hyde, as well as his former trial counsel, Wes Tidwell, with the opportunity to
respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means
set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely
on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall specifically make findings as to whether the State ever agreed to recommend that
Applicant be placed on probation. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues.
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 4, 2009

Do not publish